UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTWON M. COOK, | : | CIVIL NO: 4:15-CV-01870 |
| Petitioner | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| DAVID J. EBBERT, | : | |
| Respondent | : | |

# REPORT AND RECOMMENDATION

**I. Introduction.**

The petitioner, Antwon M. Cook, claims that the Bureau of Prisons (BOP) improperly refused to retroactively designate the state facility where he served his state sentences as the place for service of his federal sentence. Because we conclude that the BOP did not abuse its discretion, we recommend that Cook's petition for a writ of habeas corpus be denied. Further, because the respondent is not in default, we also recommend that Cook's motion for a default judgment be denied.

**II. Background and Procedural History.**

In July of 2003, local officials in Chattanooga, Tennessee arrested Cook for aggravated robbery. *Doc. 9-2* at 2, ¶2. About a week later, he was transferred to

the Bradley County Jail due to pending drug-related charges. *Id.* and *Doc. 9-2* at 8. In early September of 2003, Cook was released on bond. *Id.* But he was not free for long, as in November of 2003, he was arrested in McCinn County, Tennessee for carjacking. *Doc. 9-2* at 2, ¶3.

In May of 2004, Cook was indicted in the Eastern District of Tennessee on federal charges stemming from his arrest in July of 2003. *Id.* In June of 2004, the United States Marshal's Service borrowed Cook from Tennessee to appear in federal court pursuant to a writ of habeas corpus ad prosequendum. *Doc. 9-2* at 2, ¶4 and *Doc. 9-2* at 11. On December 1, 2005, the Chief Judge of the United States District Court for the Eastern District of Tennessee sentenced Cook to a 42-month term of imprisonment for armed robbery, aiding and abetting, and a consecutive 84-month term of imprisonment for possessing and brandishing a firearm in relation to crime of violence, aiding and abetting. *Doc. 9-2* at 2-3, ¶5 and *Doc. 9-2* at 14-20.

After Cook was sentenced by the federal court, he was returned to the primary custody of Tennessee authorities. *Doc. 9-2* at 3, ¶6 and *Doc. 9-2* at 11. In January of 2006, he was sentenced in Bradley County, Tennessee to an eight-year term of imprisonment for his drug-related crimes. *Doc. 9-2* at 3, ¶7 and *Doc. 9-2* at 22-23. The state judge ordered his state sentence to run concurrently to his federal

sentence, and the time from November 12, 2003 to January 9, 2006, was credited toward his state sentence. *Id.*

On March 10, 2006, Cook was sentenced in McMinn County, Tennessee to an eight-year term of imprisonment for carjacking and a concurrent four-year term for evading arrest. *Doc. 9-2* at 3, ¶8 and *Doc. 9-2* at 25-26. The state judge ordered this sentence to run concurrent to his to sentence in Bradley County as well as his federal sentence. *Id.* Cook was credited with pretrial jail credit from November 13, 2003. *Id.*

After Cook completed his state sentences, Tennessee authorities released him to the custody of the United States Marshal on June 3, 2010. *Doc. 9-2* at 3, ¶¶8-9 and *Doc. 9-2* at 31-32. The BOP computed Cook's sentence as beginning on June 3, 2010, and it awarded Cook prior custody credit for July14, 2003 through September 2, 2003, and from May 29, 2010 through June 2, 2010, which was time he had spent in state custody that was not credited to any state sentence. *Doc. 9-2* at 3, ¶¶9-10. Cook's projected release date is December 6, 2019. *Id.* at ¶9.

On September 23, 2015, Cook, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that the BOP improperly refused to retroactively designate the state facility where he served his state sentences as the place for service of his federal sentence. We ordered the respondent to show cause, on or before November 11, 2015, why Cook should not

be granted habeas corpus relief. The respondent requested and received an extension of time until December 2, 2015, to respond to the petition. On December 2, 2015, the respondent filed a response to the petition. A few days later and apparently before receiving the respondent's response, Cook filed a motion for a default judgment. The respondent filed a brief in opposition to the motion for a default judgment pointing out that he timely filed a response. Cook then filed a reply to the respondent's response to his petition for a writ of habeas corpus.

Because the BOP did not abuse its discretion in refusing to retroactively designate the state facility as the place for service of Cook's federal sentence and because the respondent is not in default, we recommend that Cook's petition for a writ of habeas corpus and his motion for a default judgment be denied.

**III. Discussion.**

Although a challenge to a sentence as imposed must be made to the sentencing court, a challenge to a sentence as executed by prison officials may be made by a § 2241 petition for a writ of habeas corpus. *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976). Here, Cook is challenging the BOP's execution of his sentence. Thus, he may proceed under § 2241.

"To calculate Petitioner's sentence, the BOP must determine: (1) when his federal sentence commenced, and (2) any credits to which Petitioner may be

entitled." *Lerario v. United States,* 371 F.Supp.2d 633, 635 (M.D.Pa. 2005) (Rambo, J.). The respondent construed Cook's petition as challenging both of those determinations as well as the BOP's refusal to retroactively designate the state facility as the place for service of Cook's federal sentence. In his reply, Cook makes clear that he is not challenging the BOP's determination of when his sentence commenced or the applicable credits to his sentence. Rather his claim is based on the BOP's refusal to retroactively designate the state facility as the place for service of his federal sentence.

The BOP has statutory authority to designate a state prison as the place of service of a federal sentence, and it may make that designation *nunc pro tunc*. *Barden v. Keohane,* 921 F.2d 476, 482 (3d Cir. 1990). "Thus, when a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive." *Setser v. United States*, 132 S. Ct. 1463, 1467-68 (2012). Here, Cook claims that the BOP failed to sufficiently evaluate the relevant factors in deciding whether to make such a designation, thus abusing its discretion, denying him fundamental fairness, and depriving him of a liberty interest.

18 U.S.C. § 3621(b) provides that the BOP may designate any available penal or correctional facility as the place of a prisoner's imprisonment "whether

maintained by the Federal Government or otherwise" provided that the facility meets certain minimum standards.  In designating the place of imprisonment, § 3621(b) provides that the BOP shall consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."  While the BOP has the authority to designate a state prison as the place of imprisonment for service of a federal sentence, it is within the BOP's discretion whether to actually make such a designation after considering the statutory factors. *Barden,* 921 F.2d at 478 & 482.  "We review the BOP's denial of a *nunc pro tunc* designation for abuse of discretion." *Seibles v. Thomas*, 598 F. App'x 822, 823 (3d Cir. 2015).

In arguing that the BOP abused its discretion and acted unfairly, Cook relies on *Trowell v. Beeler*, No. 04-6531, 135 F. App'x 590 (4th Cir. 2005), which held that the BOP abdicated is statutory responsibility and abused its discretion by relying solely on the sentencing court's objection to the designation in rejecting Trowell's request for a *nunc pro tunc* designation of the state facility.  Here, unlike

6

in *Trowell*, the BOP did not rely solely on the sentencing court's position. Rather, the BOP considered the other relevant factors under § 3621(b).

In fact, the respondent submitted as an exhibit the worksheet that the BOP used in making its determination regarding retroactive designation, which shows that the BOP considered the relevant factors. *Doc. 9-2* at 52. As to the first factor—the resources of the facility contemplated—the BOP noted that Cook was in the primary custody of the BOP and designated to USP Beaumont, a minimum security facility. *Id.* While the BOP did not address the resources of the state prison, that is understandable given that Cook was no longer at that prison, and any designation would be a *nunc pro tunc* designation—a designation with no actual effect on the location where Cook would actually serve his federal sentence.

As to the second factor—the nature of circumstances of the offense—the BOP considered Cook's federal and state offenses as well as the fact that the federal and state charges were not based on the same conduct. *Id.*

As to the third factor—the history and characteristics of the prisoner—the BOP considered Cook's other previous convictions and his disciplinary record while in BOP custody. *Id.* It also noted that it had requested his state disciplinary records, but it did not receive those records. *Id.*

As to the fourth factor—any statement of the sentencing court—the BOP noted that on April 2, 2013, it contacted the sentencing court to obtain its opinion

regarding retroactive designation, and on July 8, 2013, the court responded that it did not think a retroactive designation was appropriate. The respondent also attached as exhibits its letter to the sentencing judge explaining the effect of a retroactive designation, and the sentencing judge's letter in response, which stated that because the federal offenses and the state offenses were based on different conduct, it would not be appropriate to run the federal sentence concurrenly with the Bradford County sentence, and, therefore, a retroactive designation was not warranted.

As to the fifth factor—any pertinent policy statements of the Sentencing Commission—the BOP cited 18 U.S.C. § 924(c), but it did not note any policy statements of the Sentencing Commission, and Cook does not argue that there are any such policy statements.

Cook suggests that the BOP abused its discretion by not giving proper weight to the state court's intent that the state sentences run concurrent to the federal sentence. But the BOP is not bound by the state court's direction that sentences run concurrently. *Beckham v. United States*, 616 F. App'x 53, 55 (3d Cir. 2015); *Barden v. Keohane,* 921 F.2d 476, 478 n. 4 (3d Cir.1990).

Cook correctly notes that the BOP did not receive the sentencing judge's recommendation within the date requested by the BOP, and Cook asserts that the BOP did not promptly complete its review after the deadline passed. There is

nothing in the record, however, that would lead us to conclude that the BOP abused its discretion by considering the sentencing judge's recommendation, even though it did not receive that recommendation within the time it had requested.

Cook also faults the BOP for not telling the sentencing court that the state court had recommended concurrent sentences. While it may be a good practice to so inform the sentencing court, the BOP was not required to do so. *See Crawford v. Longley*, 561 F. App'x 128, 130 n.3 (3d Cir. 2014) ("We agree with Appellee that the BOP was not required by any caselaw, statute, or regulation to inform the federal sentencing court that the state court intended its sentence to be concurrent to the federal sentence. We are pleased to learn that the BOP has since re-formatted its letters to include such information when available.").

In sum, the BOP assessed the relevant factors, and it did not abuse its discretion in refusing to retroactively designate the state facility as the place for service of Cook's federal sentence. Accordingly, Cook is not entitled to habeas corpus relief. Further, since the respondent filed a timely response to Cook's petition, the respondent is not in default and a default judgment is not warranted.

## IV. Recommendations.

For the foregoing reasons, it is recommended that Cook's motion (doc. 11) for a default judgment and his petition (doc. 1) for a writ of habeas corpus be denied.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of May, 2016.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
