IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTWON M. COOK, | : | Case No. 4:15-CV-01870 |
| | : | |
| Petitioner, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| WARDEN DAVID J. EBBERT, | : | |
| | : | (Magistrate Judge Schwab) |
| Respondent. | : | |

## MEMORANDUM
September 9, 2016

Before the Court for disposition are Petitioner Antwon M. Cook's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Motion for Default Judgment.  Magistrate Judge Susan E. Schwab has prepared a Report and Recommendation concerning these matters.  For the following reasons, this Report and Recommendation will be adopted in its entirety.  Petitioner Antwon M. Cook's Petition for Habeas Corpus and Motion for Default Judgment will therefore be denied.

## I.      BACKGROUND/PROCEDURAL HISTORY

In July 2003, Petitioner Antwon M. Cook, hereinafter "Petitioner," was arrested in Chattanooga, Tennessee for aggravated robbery.[1]  Petitioner was transferred one week later to the Bradley County, Tennessee Jail due to pending drug related

---

[1] Report and Recommendation (ECF No. 14), at 1.

charges.[2]  In September 2003, Petitioner was released from Bradley County Jail.[3]

Petitioner was later arrested for carjacking in McMinn County, Tennessee in

November 2003.[4]

In May 2004, Petitioner was indicted in the Eastern District of Tennessee on

charges relating to the July 2003 aggravated robbery.[5]  Petitioner was thereafter

"borrowed" from Tennessee primary custody by the U.S. Marshal's Service in

June 2004 for purposes of appearing in federal court.[6]  On December 1, 2005,

Petitioner was sentenced to both a 42-month term of imprisonment for armed

robbery and aiding and abetting, and a consecutive 84-month prison term for

possessing and brandishing a firearm in relation to a crime of violence.[7]

Following the imposition of this federal sentence and a subsequent return to the

sole custody of Tennessee officials, Petitioner was sentenced in January 2006 to an

eight year term of imprisonment for his Bradley County drug-related charges.[8]  At

the time of sentencing, the state judge ordered 1) that this state sentence run

concurrently to his federal sentence, and 2) that Petitioner be given credit toward

---

[2] Id. at 2.
[3] Id.
[4] Id.
[5] Id.
[6] At this time, Petitioner was still in the primary custody of state authorities.  His appearance before the federal court was pursuant to a federal writ of habeas corpus *ad prosequendum*. Issuance of this writ did not alter the state authority's continued primary custody. *Rios v. Wiley*, 201 F.3d 257, 274–75 (3d Cir. 2000) (superseded on other grounds) ("[A] prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner.")
[7] Report and Recommendation (ECF No. 14), at 2.
[8] Id.

his state sentence for the time served between November 12, 2003 and January 9, 2006.[9]  Finally, on March 10, 2006, Petitioner was sentenced in McMinn County, Tennessee to a term of eight years for carjacking and a concurrent term of four years for evading arrest.[10]

Petitioner was released to the custody of the U.S. Marshal's Service on June 3, 2010.  At that time, the Bureau of Prisons, hereinafter "the BOP," credited Petitioner for prior custody from July 14, 2003 through September 2, 2003, and from May 29, 2010 through June 2, 2010.[11]  The BOP further calculated his sentence as beginning on June 3, 2010, with a projected release date of December 6, 2019.[12]

On September 23, 2015, Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[13]  Because Petitioner alleges that the BOP improperly declined to retroactively designate the facility where he served his state sentences as the place of service for his federal sentence, Magistrate Judge Schwab, to whom this case is jointly assigned, issued to Respondent an Order to show cause why Petitioner should not be granted habeas corpus relief.[14]  On

---

[9] Id. at 2-3.
[10] Id. at 3.
[11] Id.
[12] Id.
[13] Pet. for Writ of Habeas Corpus (ECF No. 1).
[14] Order dated Oct. 21, 2015 (ECF No. 4).

December 2, 2015, Respondent filed a timely response to the Petition.[15]  On

December 7, 2015, prior to receiving this Response, Petitioner filed a Motion for

Default Judgment.[16]  Petitioner and Respondent subsequently fully briefed both the

Petition for Habeas Corpus and the Motion for Default Judgment.

On May 10, 2016, Magistrate Judge Schwab issued a Report and

Recommendation denying Petitioner both default judgment and habeas relief.

Petitioner subsequently filed objections to this report on June 3, 2016,[17] and

Respondent filed a brief in Opposition to Petitioner's Objections on June 17,

2016.[18]

## II.    DISCUSSION
### A. LEGAL STANDARD

Upon designation, a magistrate judge may "conduct hearings, including

evidentiary hearings, and ... submit to a judge of the court proposed findings of fact

and recommendations."[19]  Once filed, this Report and Recommendation is

disseminated to the parties in the case who then have the opportunity to file written

objections.[20]  When objections are timely filed, the district court must conduct a *de*

*novo* review of those portions of the report to which objections are made.[21]

---

[15] Response to the Petition for Habeas Corpus (ECF No. 9).
[16] Mot. For Default J. (ECF No. 11).
[17] Objection to Report and Recommendation (ECF No. 15).
[18] Br. In Opp. to Pet'r's Objections (ECF No. 16).
[19] 28 U.S.C. 636(b)(1)(B).
[20] 28 U.S.C. 636(b)(1).
[21] 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Although the standard of review for objections is *de novo*, the extent of review lies within the discretion of the district court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[22]

For portions of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[23]  Regardless of whether timely objections are made by a party, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[24]

## B. ANALYSIS

Having reviewed those portions of the report to which no objections were made, the Court is satisfied that, on its face, the report and recommendation has no clear error.  Furthermore, following a *de novo* review of those portions of the report to which an objection was made, the Court will adopt the Report and Recommendation in its entirety and thus deny the Petition for Writ of Habeas Corpus and Motion for Default Judgment.  The Petitioner's specific objections to

---

[22] *Rieder v. Apfel,* 115 F.Supp.2d 496, 499 (M.D.Pa. 2000)(citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[23] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern.*, Inc., 702 F.Supp.2d 465, 469 (M.D.Pa.2010)(citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987))(explaining that judges should give some review to every report and recommendation).

[24] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

the Report and Recommendation and this Court's findings in response will be discussed in detail below.

### 1.  The BOP Did Not Give "Controlling Weight" to the Sentencing Court's Intent When Considering the Section 3621 Factors

Petitioner first objects to the Report and Recommendation's finding that the BOP did not rely solely upon the sentencing court's position in declining to retroactively designate the facility where he served his state sentences as the place for service of his federal sentence.  In support thereof, Petitioner argues in a conclusory manner that the BOP gave the sentencing court's intent "controlling weight" over the other four factors delineated in 18 U.S.C. § 3621.[25]  Petitioner specifically states that the sentencing court's intent was given "controlling weight" because the BOP's response to the administrative appeal referred to both (1) 18 U.S.C. §3584's direction that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently," and (2) the sentencing court's recommendation that it would not be

_____

[25] Under 18 U.S.C. § 3621(b), the BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability" by considering
      "(1) the resources of the facility contemplated;
      (2) the nature and circumstances of the offense;
      (3) the history and characteristics of the prisoner;
      (4) any statement by the court that imposed the sentence--
      (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
      (B) recommending a type of penal or correctional facility as appropriate; and
      (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."

appropriate for the federal sentence to run concurrently with the Bradley County

sentence.

Based on a *de novo* review of the record concerning this objection, the Court

finds this objection to the Report and Recommendation to be without merit.  First,

like the Report and Recommendation, this Court finds that the BOP did not give

the sentencing court's recommendation "controlling weight" and thus, did not

abuse its discretion.[26]  Specifically, the Court notes that it has thoroughly reviewed

the BOP worksheet, which both lists the factors under 18 U.S.C. 3621(b) and

provides an opportunity for the BOP to provide an individualized analysis of these

factors as they apply to a particular inmate.  Through this review, the Court

concludes that the BOP considered all five statutory factors, including the

resources of the facility contemplated, the nature and circumstances of the offense,

and the history and characteristics of the prisoner.[27]  This consideration noted, as

history and characteristics of the prisoner, that Petitioner had, prior to his federal

conviction, been convicted of "theft, evading arrest, attempted aggravated

---

[26] As the Report and Recommendation correctly notes, the Court must review the BOP's denial of a *nunc pro tunc* designation for abuse of discretion. *United States v. Fortt*, 608 F.App'x 88, 89 n.1 (3d Cir. 2015) (citing *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990)).

[27] *See* Factors Under 18 U.S.C. 3621(b) Worksheet (ECF NO. 9-2), at 52. Furthermore, like the Report and Recommendation, this Court finds that the case cited by Petitioner, *Trowell v. Beeler*, is distinguishable from circumstances presented. In *Trowell*, the Fourth Circuit found that the BOP had "effectively ceded veto power over its decision to the federal sentencing court" by stating that "[a] designation for concurrent service of sentence is made only with the [federal sentencing] Court's consent." *Trowell*, 135 F.App'x 590, 592-93, 595 (4th Cir. 2015).  In contrast, the factual record of Petitioner's case contains no evidence of open deference to the wishes of the sentencing court.

7

burglary, disorderly conduct, [and] trespassing."[28]  These convictions are in

addition to the federal offenses listed under the second factor entitled "nature and

circumstances of the offense."  These two factors were clearly weighed along with

the intent of sentencing judge.  There is no mention or indication by the BOP that

any one factor was given "controlling weight" such as to justify a finding that the

BOP abused its discretion.

    In the absence of any indication that the BOP openly gave controlling

weight to the sentencing court's recommendation, Petitioner alleges that

"controlling weight" was given to the fourth factor through the BOP's reference to

18 U.S.C. § 3584.  The Court similarly finds this argument to be without merit.

Specifically, analysis of case law within the Third Circuit Court of Appeals

demonstrates that both statutes can be, and regularly are, read and interpreted

together.  In support of this very proposition, Respondent notes the cases of

*Crawford v. Longley*[29] and *Galloway v. Warden*,[30] in which the Third Circuit cites

both 18 U.S.C. § 3584 and the Section 3621 factors in support of denying an

inmate's request for a *nunc pro tunc* designation.  These cases serve as further

indication that, after considering the Section 3621 factors, the BOP does not abuse

its discretion by denying an inmate's request for a *nunc pro tunc* designation

---

[28] *See* Factors Under 18 U.S.C. 3621(b) Worksheet (ECF NO. 9-2), at 52.
[29] *Crawford*, 561 F.App'x 128, 130 (3d Cir. 2014).
[30] *Galloway*, 385 F.App'x 59, 63 (3d Cir. 2010).

through citation to the language of 18 U.S.C. §3584.[31]  Therefore, because this

Court has already found *de novo* that the BOP considered all of the Section 3621

factors, it cannot and does not find that the BOP abused its discretion by citing a

statute regularly referenced in an identical way by the Third Circuit.

> **2.  The BOP Did Not Abuse Its Discretion By Considering A Recommendation Given By the Sentencing Court Past the BOP-Imposed 60 Day Timeline**

Petitioner next objects to the Report and Recommendation's finding that the

BOP did not abuse its discretion by considering a recommendation by the

sentencing judge received after the BOP's 60 day timeline.  Again, like the Report

and Recommendation, the Court finds this argument to be without merit.  There is

nothing in the record to indicate that the 60 days which the BOP gave the

sentencing judge to respond precludes information received outside this window

but prior to the final BOP Section 3621 determination.  Rather, the Court adopts

and agrees with the conclusion reached in the Report and Recommendation which

finds that the 60 day BOP timeline is mere notice that action could be taken on the

inmate's request if the recommendation is not received prior to that date.

---

[31] Significantly, the Third Circuit continues to hold that, if the BOP considers all Section 3621 factors and finds against concurrency, it is within its discretion to deny an inmate's request for a *nunc pro tunc* designation in consideration of both 18 U.S.C. § 3621(b) and 18 U.S.C. § 3584(a). *Fortt*, 608 F.App'x at 90.

## III.    CONCLUSION

For the reasons set forth above, Magistrate Judge Schwab's Report and Recommendation is ADOPTED in its entirety.  Mr. Cook's Petition for Writ Habeas Corpus Pursuant to § 2254 is DISMISSED and his Motion for Default Judgment is DENIED.  A Certificate of Appealability shall not issue.

An appropriate Order follows.


BY THE COURT:


   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge